IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,               No. 2:10-cv-01381 JAM KJN P

    vs.

C. PRATER, et al.,

    Defendants.        <u>ORDER</u>

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551

1  U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal
2  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
3  as true the allegations of the complaint in question, <u>id</u>., and construe the pleading in the light
4  most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

5         The complaint alleges six causes of action against twenty-two defendants;
6  however, each cause of action is made only generally against all defendants without linkage to
7  any specific defendant(s).  The lengthy "Statement of Fact" (sic) is unhelpful in clarifying
8  plaintiff's legal claims, because it details numerous and apparently unrelated incidents over a
9  period of a year.  It is extremely difficult to discern the nature and bases of plaintiff's claims and
10 the identity of the defendants against whom each claim is made.

11        The court finds the allegations in plaintiff's complaint so vague and conclusory
12 that it is unable to determine whether the current action is frivolous or fails to state a claim for
13 relief.  The complaint does not contain a short and plain statement as required by Federal Rule of
14 Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
15 complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones</u>
16 <u>v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least
17 some degree of particularity overt acts which defendants engaged in that support plaintiffs claim.
18 <u>Id</u>.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the
19 complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

20        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
21 conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
22 <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms
23 how each named defendant is involved.  <u>Id</u>.  There can be no liability under 42 U.S.C. § 1983
24 unless there is some affirmative link or connection between a defendant's actions and the
25 claimed deprivation.  <u>Id</u>.; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>,
26 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, the scope of the amended complaint should generally be limited to related matters with some degree of commonality, rather than present a disfavored "shotgun" pleading.  <u>See</u> <u>e.g.</u> <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1129 (11th Cir. 2001) ("a shotgun complaint leads to a shotgun answer" and "disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery"); <u>Anderson v. Dist. Bd. of Trustees of Centr. Florida Comm. Coll.</u>, 77 F.3d 364, 366-7 (11th Cir. 1996) ("[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice"); <u>Smith v. Rainey</u>, 2010 WL 4118096, 16 (M.D. Fla. 2010) ("[w]hatever the merits of the underlying claim(s), [p]laintiff[] risk[s] having them overshadowed by the manner in which these claims are alleged").

Finally, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

       3. Plaintiff's complaint is dismissed.

       4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

          a. The completed Notice of Amendment; and

          b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: January 6, 2011

        KENDALL J. NEWMAN
        UNITED STATES MAGISTRATE JUDGE

jone1381.14new.kjn

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

      Plaintiff,               No. 2:10-cv-01381 JAM KJN P

    vs.

C. PRATER, et al.,             NOTICE OF AMENDMENT

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

           _____      Amended Complaint

_____         _____
Date                                            Plaintiff