IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

        Plaintiff,                    No. 2:10-cv-01381 JAM KJN P

    vs.

C. PRATER, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. Plaintiff's original complaint, filed pursuant to 42 U.S.C. § 1983, was dismissed with leave to file an amended complaint. Plaintiff's amended complaint is now before the court.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's amended complaint alleges six causes of action against sixteen defendants. This amended complaint suffers from the same defect as the original complaint. Each cause of action is again made only generally against all defendants without linkage to any specific defendant(s). The numerous paragraphs reciting myriad slights against plaintiff is unhelpful in clarifying plaintiff's legal claims, because it details numerous and unrelated incidents from early 2009 through February 2010. It remains difficult to discern the nature and bases of plaintiff's claims and the identity of the defendants against whom these claims are made. In addition, plaintiff makes reference to constitutional violations in the text of his amended complaint that are not included in the causes of action pled.

First, plaintiff includes allegations concerning a false prison disciplinary. "A prisoner has no constitutionally guaranteed immunity from being wrongly or falsely accused of conduct which may result in the deprivation of a protected liberty interest." Lopez v. Celaya,

2008 WL 205256 at *5 (N.D. Cal. Jan. 23, 2008), citing, inter alia, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Although the filing of a false disciplinary action against an inmate is not a per se civil rights violation, there are two ways that allegations that an inmate has been subjected to a false claim can state a cognizable civil rights claim. The first is when the inmate alleges that the false report was in retaliation for the exercise of a constitutionally protected right under the First Amendment. See Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997) (retaliation claim must rest on proof that defendant filed disciplinary action in retaliation for inmate's exercise of his constitutional rights and that the retaliatory action advanced no legitimate penological interest); Newsom v. Norris, 888 F.2d 371, 377 (9th Cir. 1989). The second is when the inmate is not afforded the procedural due process required by the due process clause in connection with the issuance and hearing of disciplinary reports. See Newsom, 888 F.2d at 377; see also Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) (claim that prison guard planted false evidence which resulted in disciplinary infraction fails to state a cognizable civil rights claim where procedural due process protections are provided).

Plaintiff claims some of the alleged acts were done in retaliation, but does not identify plaintiff's constitutionally protected conduct.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of harm may be sufficient even if an inmate cannot allege a chilling effect. Id. In order to prevail on a retaliation claim, plaintiff must demonstrate that he engaged in protected conduct and that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In the context of a retaliation claim brought by an inmate, the

plaintiff must also demonstrate an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Also, plaintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff. Cota v. Scribner, 2011 WL 4914934, *7, n.4 (S.D. Cal. 2011).

Second, it appears plaintiff may be able to state a cognizable excessive use of force claim as to defendants Prater, Baumiller, and Lee.

The analysis of an excessive force claim brought pursuant to Section 1983 begins with "identifying the specific constitutional right allegedly infringed by the challenged application of force." Graham v. Connor, 490 U.S. 386, 394 (1989). The Eighth Amendment's prohibition on cruel and unusual punishment applies to incarcerated individuals. Whitley v. Albers, 475 U.S. 312, 318 (1976). To state an Eighth Amendment claim, a plaintiff must allege that the use of force was "unnecessary and wanton infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Hudson v. McMillian, 503 U.S. 1, 9 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

Whether force used by prison officials was excessive is determined by inquiring if the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. Courts evaluate the need for application of

force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. See Whitley, 475 U.S. at 321. The absence of significant injury alone is not dispositive of a claim of excessive force. See Wilkens v. Gaddy, 130 S. Ct. 1175, 1176-77 (2010) (dismissal based on determination that injuries were de minimis, without more, requires reversal).

If plaintiff intends to pursue an excessive force claim, he should include such a cause of action and clearly identify the defendants he alleges used excessive force.

Third, plaintiff may be able to state a failure to protect claim under the Eighth Amendment. Plaintiff alleges that as defendants Lee and Baumiller allegedly used excessive force on plaintiff, defendants Maydole and a doe defendant cheered and failed to intervene to stop the acts or to protect plaintiff. "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995), citing Del Raine v. Williford, 32 F.3d 1024, 1038 (7th Cir.1994) ("A failure of prison officials to act in such circumstances suggests that the officials actually wanted the prisoner to suffer the harm.").

Fourth, plaintiff fails to state a claim under the Fourteenth Amendment. "[The treatment a prisoner receives and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'" Id. at 33 (quoting Deshaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989)). Claims that defendants failed to protect plaintiff from a substantial risk of serious harm at the hands of other inmates are properly analyzed under the Eighth Amendment because plaintiff is a state inmate incarcerated pursuant to a valid conviction. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Helling, 509 U.S. at 35).

////

Here, plaintiff attempts to raise a claim under the Fourteenth Amendment for the same conduct he claims violates the Eighth Amendment. Because the Eighth Amendment provides an explicit source of protection for the type of conduct alleged by plaintiff, his claim is properly stated under the Eighth Amendment, rather than the Fourteenth Amendment. Thus, plaintiff's allegations fail to state a claim under the Fourteenth Amendment as the claims are properly analyzed under the Eighth Amendment.

Fifth, plaintiff's claim under the equal protection clause fails as well. The Equal Protection Clause "is essentially a direction that all persons similarly situated be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Lee v. City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).

Here, plaintiff does not allege facts susceptible of an inference that defendants have discriminated against him on the basis of race, religion, or any other suspect classification. Rather, plaintiff generally alleges violation of equal protection." (Dkt. No. 15 at 6.) As noted above, plaintiff's failure to protect claims are properly analyzed under the Eighth Amendment. Thus, plaintiff fails to state an equal protection claim under the Fourteenth Amendment.

Sixth, plaintiff pleads a state law claim under California Civil Code § 52.1, known as the Bane Act. Section 52.1 establishes a private right of action for damages and other relief against a person who "interferes by threats, intimidation, or coercion," or attempts to so interfere, with the exercise or enjoyment of a individual's constitutional or other legal right. Id., subds. (a), (b). In the amended complaint, aside from failing to connect a named defendant with this cause of action, plaintiff does not make clear what constitutional or other legal rights the alleged threats interfered with.

For all of the above reasons, the court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must

be sufficiently alleged.

   Finally, this is the second opportunity the court has given plaintiff to clearly connect the named defendant with the cause of action plaintiff intends to pursue.  The court notes that plaintiff is not a novice litigator inasmuch as plaintiff has filed thirteen civil rights actions in this court, six of which are still pending.  Plaintiff is cautioned that failure to file a second amended complaint that complies with this order will result in a recommendation that this action be dismissed.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1.  Plaintiff's amended complaint is dismissed; and

   2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  May 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone1381.lta2

```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

            Plaintiff,              No. 2:10-cv-01381 JAM KJN P

     vs.

C. PRATER, et al.,                  NOTICE OF AMENDMENT

            Defendants.
_____/
            Plaintiff hereby submits the following document in compliance with the court's
order filed _____:
            _____      Amended Complaint
DATED:


                                            _____
                                            Plaintiff
```